**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------------x
**NINGBO HOME EXPO COMPANY, LTD.,**

                       **Plaintiff,**            **REPORT AND**
                                                          **RECOMMENDATION**
      -against-

                                                            **08-CV-2066 (ARR)**

**LIFE SYSTEMS IMPORTS, INC.,**

                       **Defendant.**
-------------------------------------------------------------x

**ROANNE L. MANN, UNITED STATES MAGISTRATE JUDGE:**

       Plaintiff Ningbo Home Expo Company, Ltd. ("plaintiff" or "Ningbo") commenced this diversity action on May 14, 2008, against Life Systems Imports, Inc. ("defendant" or "Life Systems"), seeking $130,325.00 for goods sold and delivered and for an account stated in that amount. On November 5, 2009, plaintiff moved for default judgment pursuant to Rule 55(a), and the Clerk of the Court entered a notation of default against defendant several weeks later. In an order dated November 20, 2009, the Honorable Allyne R. Ross referred plaintiff's motion for default judgment to the undersigned magistrate judge for an inquest on damages. For the reasons that follow, this Court respectfully recommends that judgment be entered against Life Systems for the amount sought, plus costs, and interest.

## FACTUAL BACKGROUND

       Ningbo is a foreign corporation organized under the laws of the People's Republic of China. See Compl. ¶ 1, ECF Docket Entry ("D.E.") #1. Defendant Life Systems is a United States-based corporation, located in Brooklyn, New York, and organized under the laws of the State of New York. See id. ¶ 2.

Plaintiff alleges that it sold and delivered to defendant, at defendant's request, unspecified "goods and merchandise" and that a balance on the account for those goods is outstanding. See Compl. ¶¶ 6-8. In support of this allegation, plaintiff submitted invoices that evidence batch deliveries of various bedding sets. See Attachments to Nancy Lui Affidavit ("Liu Aff."), D.E. #9. Currently before the Court are invoices for 18 separate transactions totaling $455,718 in goods sold, along with an accounting reflecting that $205,942.40 was paid and $119,451.20 was discounted. See id. Thus, plaintiff alleges and documents that an aggregate sum of $130,325.00 is owed for goods sold and delivered to defendant. Plaintiff additionally requests costs and pre-judgment interest of $186.81, which plaintiff indicates was calculated at a rate of 1.09 percent. See Affidavit in Support of Default Judgment ("Legum Aff.") ¶ 4, *ad damnum* clause, D.E. #2-1.

## DISCUSSION

The decision whether to grant a default judgment is left to sound judicial discretion. See Shah v. N.Y.S. Dep't of Civil Service, 168 F.3d 610, 615 (2d Cir. 1999); Briarpatch Ltd. v. Geisler Roberdeau, Inc., 513 F.Supp.2d 1, 3 (S.D.N.Y. 2007). In considering whether to enter a default judgment against an absentee party, the Court must first determine whether service of process has been properly effectuated upon the defaulting defendant and, if so, whether the unchallenged facts alleged in the complaint state a legitimate cause of action. See, e.g., Kee v. Hasty, No. 01 Civ. 2123 (KMW) (DF), 2004 WL 807071, at *4 (S.D.N.Y. Apr. 14, 2004) (quoting 10A Wright, Miller & Kane, Federal Practice and Procedure: Civil 3d § 2682, at 14 (1998)).

## I. Entry of default

Before moving for a default judgment under Rule 55(b), a party must first secure an "entry of default" from the Clerk of the Court under Rule 55(a). See Am. Alliance Co. v Eagle Ins. Co., 92 F.3d 57, 59 (2d Cir. 1996); see also New York v. Green, 420 F.3d 99, 104 (2d Cir. 2005) (Rule 55 provides a two-step process for obtaining a default judgment, of which the first step is obtaining the clerk's entry of default). On May 27, 2008, service of the summons and complaint was properly made on defendant through its authorized agent in the Office of the Secretary of State in New York, pursuant to New York Business Corporations Law § 306. See Affidavit of Service, D.E. #3. Plaintiff then moved for entry of default judgment on November 5, 2009, see Plaintiff's Motion for Default Judgment ("Pl.'s Mot."), D.E. #2, and the Clerk of the Court entered a notation of default against defendant on November 17, 2009. See Notation of Default, D.E. #4. Accordingly, plaintiff has properly served defendant and secured the requisite entry of default pursuant to Rule 55(a).

## II. Liability

Even after properly serving a defendant, a plaintiff seeking entry of a default judgment must set forth facts sufficient to state a legitimate cause of action. See Chanel, Inc. v. Schwartz, No. 06-CV-3371 (BMC)(JO), 2007 WL 4180615, at *3 (E.D.N.Y. Nov. 19, 2007); Agamede Ltd. v. Life Energy & Tech. Holdings, Inc., No. 04-CV-2985 (SMG), 2007 WL 201167, at *1 (E.D.N.Y. Jan. 23, 2007); see also 10A Wright, Miller & Kane, Federal Practice and Procedure: Civil 3d § 2688, at 63 (1998) ("Even after default, however, it remains for the court to consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law.").

A sufficient pleading in federal court consists of "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). This rule requires more than a "formulaic recitation of the elements of a cause of action," Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citation omitted); rather, a pleading must contain "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citation omitted). If the facts are thus well pleaded, the Court assumes their veracity and determines whether such allegations "plausibly give rise to an entitlement to relief." Id. at 1950.

Ningbo seeks recovery of an outstanding sum with respect to merchandise delivered "under two established legal theories: 'goods sold and delivered' and 'account stated.'" Nuera Commc'ns, Inc. v. Telron Commc'ns USA, Inc., No. 00-CV-9167(RMB)(FM), 2002 WL 31778796, at *2 (S.D.N.Y. Nov. 15, 2002). Under the first theory, a seller may recover the contract price upon a showing that the goods were ordered, received, and accepted by the purchaser, who did not subsequently reject them within a reasonable period of time. See id.; see also Conocophillips v. 261 E. Merrick Rd. Corp., 428 F.Supp.2d 111, 126 (E.D.N.Y. 2006) (essential elements of a cause of action for 'goods sold and delivered' are "the purchase, sale and delivery of goods at an established price and nonpayment therefor"); Harrison-Hoge Indus., Inc. v. Panther Martin S.R.L., No. 05-CV-2851 (JFB)(ETB), 2008 WL 905892, at *37 (E.D.N.Y. Mar. 31, 2008) (granting judgment for goods sold and delivered under the New

York Uniform Commercial Code, N.Y. U.C.C. § 2-709(a)).

Relatedly, under New York law an "account stated" refers to a promise by a debtor to pay his creditor a stated sum of money that the parties had agreed upon as the amount due. See White Diamond Co., Ltd. v. Castco, Inc., 436 F.Supp.2d 615, 623 (S.D.N.Y. 2006) (citing Ally & Gargano, Inc., v. Comprehensive Accounting Corp., 615 F.Supp. 426, 428-29 (S.D.N.Y. 1985)). Under this second theory, the promise (either express or implied) must be founded upon previous transactions creating the relationship of debtor and creditor. See id.; Nuera Commc'ns, 2002 WL 31778796, at *2 ("To establish an account stated, a seller must show that the parties agreed to an account based upon prior transactions between them."); Conocophillips, 428 F.Supp.2d at 126; see also Air Atlanta Aero Eng'g, Ltd. v. SP Aircraft Owner I, LLC, 637 F.Supp.2d 185, 197 (S.D.N.Y. 2009). The transactional history may be evidenced by invoices submitted to the defendant on a regular basis, such as those commonly included with the delivery of goods to a purchaser. See White Diamond, 436 F.Supp.2d at 624; Polygram S.A. v. 32-03 Enters., Inc., 697 F.Supp. 132, 134-35 (E.D.N.Y. 1988). If the plaintiff properly sets forth a prima facie claim for an account stated, the burden then shifts to the defendant to refute the claim with documentation of objections made to the account. See White Diamond, 436 F.Supp.2d at 624.

Here, plaintiff has properly stated claims under both theories. With respect to plaintiff's claim for goods sold and delivered, plaintiff alleges that defendant requested and received from plaintiff a series of deliveries of bedding sets. In support of these allegations, plaintiff provided this Court with the Affidavit of Nancy Liu, the export manager of plaintiff,

as well as invoice records.  See Liu Aff.  This evidence remains uncontroverted by any showing that defendant rejected, objected, or paid for the goods beyond the amounts credited to defendant's account.  See MRC Indus., Inc. v. Global Therapy Sys., LLC, No. 06-CV-3633 (JS)(WDW), 2009 WL 2461106, at *2 (E.D.N.Y. Aug. 7, 2009).  Thus, plaintiff adequately states a cause of action for goods sold and delivered.

Plaintiff's invoices also serve to establish a running account for goods shipped between June 2004 and October 2004.  See Attachments to Liu Aff.  Aggregating the amounts claimed in the invoices, and subtracting the discounts and payments received, the account is currently outstanding in the amount of $130,325.00.  See id.  As defendant has not responded to plaintiff's complaint, nor otherwise appeared in this action, no objections to the accounting or the invoices submitted have been proffered.  Thus, plaintiff has also set forth a prima facie case for an account stated and is entitled to relief on this claim, in the alternative.

**III. Damages**

The Court must next consider the appropriate measure of damages to be awarded plaintiff.  By defaulting, a defendant admits to all well-pleaded allegations, except those pertaining to damages.  See, e.g., Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp., 973 F.2d 155, 158 (2d Cir. 1992); Traffic Sports USA, Inc. v. Segura, No. 06-3360 (RJD)(CLP), 2008 WL 4890164, at *5 (E.D.N.Y. Nov. 12, 2008).  The Court must make a separate, reasoned determination of damages, which may, but need not, include a hearing.  See Fustok v. ContiCommodity Servs., Inc., 873 F.2d 38, 40 (2d Cir. 1989); see also J & J Sports Prods., Inc. v. Arhin, No. 07- 2875(SJ), 2009 WL 1044500, at *4 (E.D.N.Y. Apr. 17, 2009).  In default cases, "where plaintiff has filed reasonably detailed affidavits and a memorandum of

law pertaining to the damages requested . . . and where the defendant has failed to make an appearance in the case, the Court can make an informed recommendation regarding damages without an evidentiary hearing." Traffic Sports, 2008 WL 4890164, at *5. Moreover, when the claim for damages is based upon an account "made up and rendered" to the defendant/recipient of the goods, who failed to make a timely objection, "his silence will be construed into an acquiescence in its justness, and he will be bound by it as if it were a stated account." MRC Indus., 2009 WL 2461106, at *2 (quoting, *inter alia*, Tom Rice Buick-Pontiac v. Gen. Motors Corp., 551 F.3d 149, 157 (2d Cir. 2008)).

The documentary evidence submitted by plaintiff supports the damages sought. The invoices detail both the items and respective quantities ordered, and the unit price for each bedding set. See Attachments to Liu Aff. As part of its proof that these invoices for goods delivered to defendant have not been fully paid, plaintiff has furnished the Court with its calculations for the outstanding balance. See id. The Court concludes that plaintiff's claim for damages is sufficiently substantiated, and respectfully recommends that plaintiff be awarded $130,325.00, along with judgment interest as outlined below. See MRC Indus., 2009 WL 2461106, at *3-4.

## IV. Interest

An action for goods sold and delivered is essentially a breach of contract claim, which entitles the plaintiff to pre-judgment interest pursuant to N.Y. C.P.L.R. § 5001. See Baer v. Anesthesia Assocs. of Mount Kisco, 870 N.Y.S.2d 92, 94 (2d Dep't 2008); Nuera Commc'ns, 2002 WL 31778796, at *3. New York law provides for recovery of pre-judgment interest computed "from the earliest ascertainable date the cause of action existed." N.Y. C.P.L.R. §

5001(b); see, e.g., MRC Indus., 2009 WL 2461106, at *4.

Ordinarily, absent any contractual provision specifying otherwise, pre-judgment interest would be calculated using New York's nine percent (9%) per annum statutory interest rate,[1] see N.Y. C.P.L.R. § 5004, for the period through entry of judgment, with post-judgment interest awarded as mandated under federal law, at the statutory rate prescribed by 28 U.S.C. § 1961(a). In this case, however, plaintiff has requested pre-judgment interest totaling only $186.81. See Liu Aff. ¶ 4; Legum Aff. *ad damnum* clause. Although plaintiff indicates that interest was calculated at a rate 1.09%, this sum falls far short of interest calculated at that rate for the period when the accounts became due until the entry of default judgment. As the interest requested is considerably less than that to which plaintiff is entitled, the request for $186.81 in pre-judgment interest should be granted.

In addition, under federal law, "an award of post-judgment interest is mandatory," and is calculated at the statutory rate prescribed by 28 U.S.C. § 1961(a). See MRC Indus., 2009 WL 2461106, at *4 (citing Schipani v. McLeod, 541 F.3d 158, 165 (2d Cir. 2008)).

**E. Costs**

Although plaintiff submitted no documentation substantiating its costs, the Court takes judicial notice of the fact that the court filing fee was $350.00 when plaintiffs filed its complaint. See United States District for the Eastern District of New York, Schedule of Fees, www.nyed.uscourts.gov. Therefore, plaintiff should be awarded $350.00 in costs.

---

[1] The invoices filed with the Court are silent on this issue.

## CONCLUSION

For the foregoing reasons, it is the recommendation of this Court that plaintiff's motion for default judgment against defendant Life Systems be granted, awarding plaintiff the principal amount of $130,325, plus $186.81 in pre-judgment interest, post-judgment interest as calculated in accordance with 28 U.S.C. § 1961(a), and $350.00 in costs.

Any objections to the recommendations contained in this Report and Recommendation must be filed with the Honorable Allyne R. Ross on or before March 5, 2010. Failure to file objections in a timely manner may waive a right to appeal the District Court order. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 72; Small v. Sec'y of Health & Human Servs., 892 F.2d 15, 16 (2d Cir. 1989).

The Clerk is directed to enter this Report and Recommendation into the ECF system and to transmit a copy, via Federal Express, to defendant at the following address:

> Life Systems Imports Inc.
> 34 34th Street
> Brooklyn, NY 11232
>
> Attn: Steve Laniado

**SO ORDERED**

Dated: Brooklyn, New York
February 16, 2010

ROANNE L. MANN
UNITED STATES MAGISTRATE JUDGE